Gilhooly v. The New York and Savannah Steam Navigation Company.

---

THOMAS GILHOOLY *v.* THE NEW YORK *and* SAVANNAH STEAM NAVIGATION COMPANY.

A voyage from one seaport to another is not completed at the quarantine of the port of destination; and unless excused by special agreement, or by the health laws preventing intercourse with the city, the vessel is bound to carry a passenger and his baggage to the point agreed on.

The defendants engaged to carry the plaintiff and his baggage from Savannah to New York city. The plaintiff being ill, left the vessel at the quarantine of the latter city, leaving his baggage on board the vessel, which reached the city,—*Held*, that in the absence of any offer on defendants' part to deliver the baggage at the quarantine, they were bound to deliver it at the end of the journey, when called for.

The delay of the owner to call for the baggage for several days after its arrival at the point of destination, does not release the carrier from his obligation to deliver it to him on demand.

---

* *Ante*, p. 165.

Gilhooly v. The New York and Savannah Steam Navigation Company.

The demand must be made, however, within a reasonable time, and what is a reasonable time, is, in all cases, a question of fact, and the finding of the jury on that question will not be disturbed.

APPEAL by the defendants from a judgment of the Marine Court at General Term.

The plaintiff took passage in the defendants' steamship at Savannah, Georgia, for the city of New York. The receipt given at the time he purchased his ticket is as follows :

"STEAM SHIP ALABAMA,
SAVANNAH, *Sept.* 13*th*, 1858.
Received fifteen dollars for the passage of Thomas Gilhooly, from Savannah to New York, per steamship Alabama, to sail (unless prevented by some unforeseen occurrence), on Saturday, the 15th day of September, 1858, at 4 o'clock, P. M.
J. B. RIPLEY, for Agents.

This receipt must be given up when called for by the clerk. Boxes or trunks not allowed in the cabins or state rooms. Baggage should be marked with the number of the passenger's room. If valuable packages are sent on board, the value must be declared and paid for accordingly. The ship will not be accountable for baggage or goods unless bills of lading are regularly signed. Dogs will be charged five dollars each, and in no case allowed in the cabin or state rooms.
GEORGE MITCHELL."

When the vessel reached the quarantine in the harbor of New York, the plaintiff, being ill, was ordered ashore by the quarantine officers, where he remained for three days. On reaching New York city, he went to the office of the steamer for his trunk, containing his wearing apparel; the officer in charge said he knew nothing of it. The plaintiff then waited several days until the vessel returned to New York, and made further inquiries. He then brought his action to recover the value of his trunk.

Judgment was rendered for the plaintiff, and the defendants appealed to this court.

*Beebe, Dean & Donohue*, for appellants.
*Man & Parsons*, for respondent.

Gilhooly v. The New York and Savannah Steam Navigation Company.

BY THE COURT.—BRADY, J.—The plaintiff took passage on board of the defendants' steamer Alabama, from Savannah to New York, and left the former place on the 15th September, 1858. He was sick and put ashore at quarantine when the vessel reached that place. His trunk was taken to New York and never delivered to him. The defendants set up that it was delivered to him at New York, but gave no evidence to establish the truth of that allegation, and proved nothing to relieve themselves from liability. They were bound to deliver to the plaintiff his trunk at the end of the journey. They failed to do so. If the voyage ended at quarantine, then they were bound to deliver the trunk to the plaintiff when put ashore at that point. If they had offered to deliver it there, and the plaintiff had refused to take it, it might be regarded as carried from that place at the risk of the owner, their duty having been performed. There was no evidence, however, showing that the plaintiff knew or was advised that the voyage of the defendants' steamer had ended at quarantine during the season of the year in which he travelled in one of them. The evidence, on the contrary, shows that he paid for a passage to the city of New York, and to that place the defendants were bound to take him and his baggage, unless excused by the health laws regulating their intercourse with that city. The omission of the plaintiff to call for his trunk for several days after the steamer arrived, did not release the defendants from their obligation to deliver it to him. The defendants were bound to deliver, and the whole duty rested on them. *Hollester* v. *Nowlen*, 19 Wend. 234; *Bowman* v. *Teal*, 24 Wend. 306; *Cole* v. *Goodwin*, 19 Wend. 251.

The arrival of the steamer at its place of destination with the baggage will not discharge the carrier until its delivery to the owner. It must be demanded, however, within a reasonable time. *Powell* v. *Myers*, 26 Wend. 591. What is a reasonable time is, in all cases, a question of fact, and the finding on that question in favor of the plaintiff cannot be disturbed.

The judgment should be affirmed.